Good morning. May it please the Court. My name is Amber Furman and I represent the Petitioner, Noel Perez-Hernandez v. Eric Holder, Jr. You heard my instructions to prior counsel. I tried to point this to your mouth. I think when the courtroom has got a lot of people in it, the sound gets absorbed, so it's important to speak close to the mic. Thank you, Your Honor. I represent Noel Perez-Hernandez, the Petitioner, in this case. I would like to reserve two minutes for rebuttal today. There are two issues present before the Court on this case. First is whether the Petitioner's statements in immigration court relieve the government of their burden to prove removability beyond clearing convincing evidence. The second issue today is whether the Petitioner's conviction for offer to transport a controlled substance is a deportable offense under INA 237-A2BI or whether that falls within the personal use exception to deportability. We contend that the government still has a burden to prove beyond clearing convincing evidence that the Petitioner is removable, despite the comments made in immigration court. We have case law on that point, right? I'm sorry? We have case law on that point. Yes, Your Honor. By name, is this Manduhana Real v. McKessie, for example? Yes, Your Honor. And it's in your favor, right? Yes, Your Honor. So do you need to say anything else on this point? No, Your Honor. I'm trying to – I'm trying to – So if we – if the government still has a burden to prove by clearing convincing evidence that the Petitioner is removable, the second issue is whether his Petitioner's conviction falls within the personal use exception. And if I understand correctly, the government has the burden of proving a negative. That's correct. That it is not – the thinking of if she was convicted does not fall within the personal use exception, right? That's correct, Your Honor. He does have the burden – the government does have the burden of proving that he is removable. And if his conviction falls within the personal use exception, he is not removable, so therefore they do have the burden to prove a negative. However, in this case, that's not necessary because the conviction documents clearly state that his conviction was for offer to transport a controlled substance to wit 30 grams or less of marijuana for personal use. I've got to say, that doesn't make any sense to me. I mean, that's what it says, but what does it mean to transport less than 30 grams of marijuana for personal use? Your Honor, there is not a conviction for transport. It's offer to transport. The Ninth Circuit – I'm sorry, this Court has held in United States v. Rivera-Sanchez that it is possible to be convicted of simple transportation for personal use – of marijuana for personal use. Additionally, this Court has held that a defendant can be guilty of this statute without ever possessing marijuana in the first place. Therefore, given the statements in the conviction documents, as we know based on the categorical and modified categorical approach, the question is what, when we move on to the modified categorical approach, the question is what the conviction documents state that the defendant did. Well, see, and you actually just identified part of my quandary here, and this isn't a question aimed at attacking your position. I'm just kind of lost trying to figure out, this is a conviction for offering to transport. And as you say, there's case law that says you can be convicted of that or of transporting without – of offering to transport without actually having had possession. And so the problem posed for you by that is, how can we say that this conviction necessarily involves possession if you can, in fact, be convicted of it without having had possession? It is possible, Your Honor, to be convicted without possession, but it's not necessary to be convicted without possession. But it suggests that the act of transport is viewed by the State of Nevada, at least, as being some separate offense, separate and apart from possession. Yes, Your Honor. However, the act of offering to transport is an act of solicitation. It's not an act of actual transport. The Court – I'm sorry. What is an act of solicitation? An act of solicitation is offering to do something with – without actually completing the act of doing that. I see. This Court has held that – I'm sorry. The Board of Immigration Appeals has held that it is possible – excuse me, Your is not a removable offense under INA 237A2BI. If it is a general act of solicitation, a general solicitation statute. And what are your – are you speaking in the passive? What are you referring to? Who did the holding? It was the Board of Immigration Appeals, I believe, Your Honor. You're not sure? I am. I apologize. Just one moment. Court's indulgence. Just get your bearings. Would you like to sit down, hear the government's argument, and maybe come back and address these points on rebuttal and save your time? No, Your Honor. I think I'm good. Thank you very much. Okay. Go right ahead. The government actually relies in their brief on Mlaisiewicz v. Holder for the proposition that because this is not a general solicitation crime, rather it is an offer to transport marijuana, which is a solicitation crime within a drug statute, that the conviction does fall within INA 237A2BI and is not a personal use exception. However, the case law that they rely on for that used the modified categorical approach to analyze conviction documents. And in that case, the conviction documents clearly stated that the defendant was convicted of heroin. In looking at the conviction documents in this case, they clearly state that the Petitioner was convicted of possession of marijuana and the factual basis for this. I have the judgment of conviction here. Where are you reading from? The Petitioner represented himself pro se a immigration court, and the documents that were submitted by the Government Council at that point in time were a simple judgment of conviction, which does not include a factual basis. As an attachment to our brief to the Board of Immigration Appeals, we included the information that was attached to his guilty plea agreement. I have that as well, but you were talking about the conviction document, so I assume you meant talking about the judgment. No, Your Honor. You're not talking about the information. I have the information, too. Tell me where you're reading from there. The information states that the ---- This starts at page 24 of the record, right? Yes, Your Honor. Okay. So give me a page and line number. The line number starts at line 20, page 24, line 20. And the factual basis for his conviction is ---- Now, excuse me. The thing that starts at line 20 is a block quote. That's correct, Your Honor. And that's a block quote of something, or is that like a statute, or is that just a charge? That is the statute that he is alleged of committing, and the factual basis for how he committed that and what he pled guilty to. And it provides that ---- No, Your Honor. The information charges a class A felony, and the conviction looks like it deals with a class B felony. That's correct, Your Honor. I apologize. And the conviction leaves out all this stuff about 30 agreements or less per person The judgment of convictions in Nevada are generic. They don't normally include the factual basis. It's included in the ---- It's not the factual basis. I mean, it's the charge. It's talking about the elements of the crime. The amendment, the Fourth Amendment information charges the offense of committing offer to transport for 30 grams or less, a class A felony, and then the judgment of conviction appears to deal with a different offense than the one that was charged, unless I'm misreading it. I don't know if it's a clerical error. It's my understanding that it is the same offense. The judgment of conviction is filed by the district attorney office after a guilty plea is entered. What Mr. Noparez, the Petitioner in this case, pled guilty to is in the guilty plea agreement that he signed with the attached information that lists a class A felony with the factual basis of possession of marijuana, 30 grams or less per person. The prediction was for a class B felony? I would say I went through the same exercise. My guess, and it's guess, is that the information is incorrect because the statute doesn't provide for a class A felony. It provides for class B and C felonies. That's correct, Your Honor. And the information as far as the category of felony may be incorrect, but the factual basis to which Mr. Noparez pled guilty to is the 30 grams or less of marijuana for his own personal use. He ---- And that, in fact, is not part of the statute, which leads me to infer, and again, this is a guess, that this fourth amended information is a result of a deal. So the amended information includes something which isn't provided for in the statute and wouldn't otherwise be necessary, but somebody might be cognizant of the later implications. And while that may be correct, based on the United States Supreme Court law in Moncrief v. Holder and Descamps v. the United States that further continue our understanding of the Taylor modified categorical analysis, the important documents are those record ---- are those documents in the record of conviction, such as a guilty plea or not. I'm actually not quarreling with you. My point is that this information appears to include specific terms, notably for his own use, that otherwise doesn't have any place or doesn't derive from the statute and wouldn't seem to me to make any sense unless somebody had in mind the possibility of qualifying for the exemption that's at issue here. That's correct, Your Honor. So if you're going to listen, you're being tossed a softball to anticipate a later case. Thank you, Your Honor. I see my time's up. Would you like me to continue? No. We'll hear from the Governor. Thank you, Your Honor. First of all, can you hear me okay? Great. My name is Jesse Bless. I represent the Attorney General of the United States. What is not in dispute in this case is that Petitioner has a felony. Petitioner is charged with offense which is specified as transportation of 30 grams of marijuana or less for his own use. Why isn't that the end of the case for you? This is the crime with which he's charged is a personal use crime. Why doesn't that fall squarely within the exception? And why does that defeat the government's burden? Well, this Court, as well as the Board, have held that transportation is not an offense involving possession. And felony convictions do not fall within the personal use exception, which was meant to, you know, only encompass the most remedial minor simple possession offense. I'm sorry. So if it was simple possession which a State made to be a felony, then that would be preclusive on the – that would take it out of the personal use exception. I'm not aware of any State that prosecutes simple possession of marijuana. You're fighting the question. No.  You're wasting your time and mine by fighting the question. So if you don't want to answer it, we'll move on to something else. Did you hear the question? Yes. Okay. So what's the answer? Under the Board's precedent in this Court's prior case law, the answer would be that he would still be removable. He or she would still be removable. And what is our Ninth Circuit case of that? Well, it's unpublished. Well, I'm sorry. Do you know about unpublished? I do. Okay. But it's persuasive. What are they worth? It's persuasive. After – Not much. Is there any – is there any controlling authority that says that's something that – simply because it's a felony, does that – that takes it out of the personal use exception? Is there regulation? Is there a Ninth Circuit ruling? Is there a Supreme Court ruling? The Board's interpretation, which has the authority to issue precedents. What case is that? What case is that? There's Moncada, Civilian, and there's Matter of Davie, both of which the government submitted before this Court. And they say that this is a felony even if it's for simple possession? No. They – what they do is they draw a line, and they say that when looking at the most natural reading of the statute in its context with the INA, that this would – this simple personal use exception was only meant for misdemeanor, simple possession offenses, and nothing greater than that. Now, there is exceptions. It's not just possession. There are – and the reason they draw that line is because they've held in Matter of Davie, which I submitted in 28 Jalop, that there are some drug paraphernalia convictions that would qualify, because they're so closely related to possession, and they are treated as low-level. What was charged here in the information? And it puzzles me as much for the government side as it does for the Petitioner side, but the actual charge appears to be offer to transport marijuana for personal use, for your own use. I don't understand that charge, but that's what it is. It was probably negotiated. How is that something different from a crime or a charge, and I'll quote the statute, other than a single offense involving possession for one's own use of 30 grams or less of marijuana? The distinction is not – possession is not an essential element of transportation so that you can – you can transport it and, you know, or you can offer. In fact, in this case, it was offer to transport without actually taking possession or hold of it. And the reason that's important. But the key here is that the charge was for his own use. I mean, if that weren't there, I think this is an easy case. I have no trouble with the proposition that transport is something different from possession, but it seems to me if the charge is transport for your own use, you're talking about picking up the baggie and walking someplace and bingo, only you didn't actually transport. It's offering. So I'll offer to carry my baggie containing less than 30 grams someplace else. How is that a different crime from possession? Well, Nevada treats it separately. And that is – Well, in theory, it does. Well – But this information specified it was for his own use. So – and the statutory provision I just read doesn't say other than a single misdemeanor offense. It says single offense. I look at the Board's decision in this case, and it emphasizes that transporting a controlled substance is inherently more dangerous than simple possession because transportation aids in the concealment of the substance from law enforcement and elevates the risk that drugs will be used in moving vehicles, creating a danger to the public. In the abstract, I understand that. But if you're talking about less than 30 grams for one's own use, that makes no sense to me. How does that make sense? What's the added danger to the public for somebody transporting a baggie with less than 30 grams for his own use? Well, I would ask the Court not to take my word for it, but to take Nevada. Nevada treats this as a felony. This isn't a misdemeanor offense. So the State has made a determination that these offenses, even the 30 grams or less for personal use, treats it as – Well, that may be the case. But, I mean, the typical case in which this arises is somebody buys a baggie, you know, a quantity of marijuana for personal use, gets in his car and drives along. Police stop him, and they say, oh, you've got possession, which in California, I guess, is a tiny misdemeanor fine up to $100. But then they say, but you're also transporting it because you got it in the car with you. I saw you moving. It's the same offense. It's the same offense as possession. In fact, you can't really possess anything unless you sort of stay rooted to the spot like a tree without actually transporting it, right? But here – It's not possible, right? In a broader sense, no. But you have to look at how the State has chosen to treat the crime separately, which is a very important determination for the Board when it's drawing the line. Why should it be important for us? I mean, if the statute makes an exception for crimes that are essentially personal use crimes, why should it matter to us whether the State chooses to treat it as felony or misdemeanor, whether they choose to call it possession or transportation or what, you know, or they give it a new name altogether? What difference does it make for immigration purposes? Well, the clause, when taken in context with the INA, these types of remedial clauses have always been held to be for simple possession offenses and nothing greater than that. And when you start – and that's across the board. That's legacy. So how is this different from simple possession? Right. Well, it's a felony. Number one, it's a felony. Well, I'm asking, but we know here that the specific charge to which he pled was offering to transport this tiny quantity for his own use. I understand Nevada has a law that covers a lot more. I understand that he pled to a – I think it was a Class B felony. I also understand that the sentence was suspended. And so knowing what we know about the particulars of this case, how is this different from possession? Well, again, I'd go back to, you know, transportation offenses have historically been treated by the States as inherently more dangerous, even if it's just a small felony. I understand that. But if we know the offense was transport of a tiny quantity for your own use, which is what the amended information says, do we have any authority that speaks to that peculiar set of ingredients? Not that I'm aware, but I would like to point to this example, that when you transport – we don't – even if it was 30 grams or less in a car, right, that is a – that is in a car, if it was in a car, a vehicle, motor vehicle. Right. That's how people usually transport things in this country. Well, they could do it on horseback. I guess if it were Europe, you might be on a streetcar or something. Cab. Taxi. Uber. You know. But what's important is that – that – Segway. Segway. Right. When you do that, you endanger other people. How? It's not asking about him using it. He's not – he's not charged with actually smoking dope while driving. He's not under the influence. He's carrying it. How is that any more dangerous than driving down the street without the bag in the front seat or under the front seat? Well, there's a potential that he'll use it while transporting it or offering it. Well, there's potential, but that's not what he was convicted of. Well, he wasn't convicted of transporting it at all in this case. So we have no involving possession. So maybe that's the easiest way to decide the case. He offered to do something. He didn't do it. He never possessed it. Are you familiar with the case Medina v. Ashcroft? Yes, I am. I mean, the government there made a similarly tenuous argument. They said, well, it essentially says possession, but in this case he actually used it. And Judge Camby's opinion over Judge Ramos' defense says it's silly to say that you can possess it but not use it. Isn't this sort of the same case, except now we're talking about transportation rather than use? Yeah. It seems to be useless, of course. You're right. It is a worse case for the Petitioner because there, as you say, once you use it, you could have some danger, whereas just transporting it, keeping it in your pocket while walking down the street seems no more dangerous than just possessing it. Yeah. So why doesn't Medina swallow up your argument? Medina, the State treated the use as a low-level misdemeanor. And, again, I go back to a different degree. Your felony argument, which you keep making, isn't anywhere in the statute, isn't anywhere in the case law. It's just something you are constructing. It's not mine. It's the Attorney General's. I mean, they've issued two published opinions on this issue that's deserving of deference. It's not. That say felonies don't count? The felonies. They draw lines. They draw – they interpret this clause in the context of the INA to only encompass the most low-level misdemeanor offenses. Now, they've expanded it. As I mentioned, a matter of Davy. I'm sorry. Which case says only? Both Moncada and Cervelian make that point. Can I ask you, I'm not clear how to resolve what looks like the incongruity between the information and the judgment. Can you help me with that? You know, there's nothing in the record that reconciles it. But if you'd let me, as a matter of law, I looked at this, and I put it in my brief and I put it in a footnote. Class A felonies are like murder, rape. And so I think it's Scrivener's error. It's Scrivener's error by the pleading, the State pleading. Because a Class A felony wouldn't fall under the statute as judge. What about the allegation in the information that it was 30 grams or less for personal use, but the omission of that in the judgment of conviction? Again. Normally, we say the judgment controls, not the charging documents. I'm trying to figure out what do we make of that. That is true. And at the risk of confusing the panel, I will say that the board's beyond us. The board accepted that the Petitioner pledged to that allegation. However, this Court does know that because this is a criminal offense falling within the criminal alien bar, that, of course, they could look at it as a jurisdictional fact and find themselves that the judgment controls. And so on that jurisdictional fact, you're not bound by what the board looked at, because this is a crime falling within 8 U.S.C., 1252A2C. You know, I'm looking at Mondaca-Ceballon, and I don't see what you're talking about. In fact, to me, Mondaca-Ceballon cuts against you because they talk about excluding things that are significantly more dangerous than simple possession. And in that case involving aggravated felony, I'm looking at, you know, I don't know whether these things are paginated, how they're paginated, but I'm looking at asterisk page 3 at the very bottom. Okay. Maybe I'm missing the language on which you're allying. Yeah. I'm a little before that. It would be page 65, and it was cited in Respondent's Brief. That might be the better way to look at it. Do you want me to just – let's stick with the case. You raised the case. Oh, I know. Yeah. I think we'd better stick with the case. No, no, no. But I actually block quoted it in my brief. I don't care about your brief. Great. I'm looking at an actual case. First full paragraph on the page that I believe you're in. It begins with citing the absence. I'm sorry. What does the – how does the paragraph start? Citing the absence. And if you go down to the – Citing the absence? Yeah. And it's the seventh line, first full sentence. It begins, the personal use. Okay. Here we go. It's the beginning of a page. They don't invent it. Okay. So I'm looking at that. Where are you looking at? Yeah. In the first full paragraph, seventh line down, first sentence. I'm sorry. That's exactly the text I was looking at. Really? Where it says the personal use exception is not intended or understood by Congress to apply to offenses that are significantly more serious? Significantly more. That's the language I was quoting. Yeah. And then – You cited it for the proposition that this is limited to misdemeanors. Yeah. If you don't believe it, you can play back the tape. Yeah. This is what you cited it for. And I said, give me a case. And you said, oh, there are lots of cases. And you cited this case for the proposition. Well, no. I didn't say there were lots of cases. I don't see why this case does that. So let's focus on that proposition alone, where it says misdemeanors, yes, felonies, no. Yeah. I just want to go to – No, no, no, no. What? Just tell me where it says that. Well, it doesn't say that exact words. But that's the holding. And if you look at the Board's subsequent case law, matter of Davey – I'm sorry. You cited this case. Does this case hold – I cited both. No, no. Let's start with this case. Okay. You cited this case. Does this case say it can't be a felony? If it's a felony, it's out. Does it say that? If it's not explicit, it's certainly explicit now. But I'll take your point, that it may not have been explicit. I'm asking a question. Does it? Does it not? If this case doesn't do it, we'll move on to the next case. Does this case – I would say yes. Does this case say if it's a felony, it can't fall within the exception? No, because they looked at the facts. Stop. Okay. Okay. So your reliance on this case was misplaced. So let's now talk about the next case you cite. Which is that next case? Matter of Davey. Okay. Matter of who? Davey. It was cited as a 28-J letter. It's 28-6-I-N-A. Okay. I don't have that. Tell me what it says. I'll read the full footnote. It was footnote 3. In that case, it's when they expanded the personal use exception to minor – Well, let me ask you specifically. Yeah. Does it say if it's a felony, it can't fall under the personal use exception? Does it say that? It's – No. It doesn't. It says this. Stop. That's all I asked you is are there any cases saying that it's a felony can't be? You said there are two cases. You have now conceded that neither of those cases supports our proposition. Let me ask you the – I know that you've got other arguments. I'm not really interested. Are there any cases that say if it's a felony, it can't fall under personal use exception? No. Okay. Thank you. You can – you're out of time, but you've answered my question. Okay? Can I have 10 seconds? You can have 10 seconds. I would just urge the Court to look at footnote 3 in matter of Davey. And that makes my point that transportation and possession are two different things under the personal use exception. Is that a published board opinion? Absolutely. Okay. Thank you. Would you like a minute for rebuttal? Yes, please. Okay. Thank you, Your Honor. The respondent relies on matter of Davey for the proposition that this cannot be a personal use exception because it is transport. However, matter of Davey, decided by the Board of Immigration Appeals, specifically states that the exception is not limited to possession of marijuana per se. Additionally, in that case, they state that a crime involves possession of 30 grams of marijuana for personal use if the acts that led to the alien's conviction were closely related to such conduct. We know now, based upon the categorical and modified categorical analysis, that we can't look at the acts that occurred. We're stuck with the conviction documents. And looking at the conviction documents, what the petitioner was convicted of was 30 grams or less of marijuana, which – Well, that's what the information says. Why do we believe that's the one that controls as opposed to the judgment, which doesn't make reference to that? Your Honor, it would be unfair to hold the respondent – or, I'm sorry, the petitioner to a judgment of conviction that he has no opportunity to review prior to the filing. The process in criminal court in Nevada is that he files or he signs a guilty plea agreement with unattached information. In most states, you do have a chance if the judgment of conviction doesn't reflect – you know, has an error in it, you have a chance to go back within a certain time and ask the court, say, hey, you made a mistake, you know, and have the error corrected. Is this not the case in Nevada? You do have a year to address potential issues with a judgment of conviction. However, it's not normal practice to include the factual allegations in a judgment of conviction. The basis – the crime itself is what's included, but the to wit and how it was included is not normally included in a judgment of conviction. They're regularly filed with the offense, the category of crime, and the sentence that the individual received. The guilty plea agreement – I'm sorry. You were answering Judge Clifton's question. He pointed out quite – I mean, you started out by saying look at the judgment of conviction. And Judge Clifton pointed out and says the judgment of conviction doesn't help you. And so your reply to that was, oh, but we didn't have a chance to haggle about the judgment. And now you're telling me the judgment says what it's supposed to say. I mean, I don't know. So I'm not sure whether it gets you. Your Honor, the record – I mean, if we just look at the judgment, the judgment's okay. The judgment doesn't say this is for personal use. Your Honor, the record of conviction includes more than a judgment of conviction itself. In the modified categorical analysis, it includes a guilty plea agreement and an attached information. And it includes a colloquy between a judge, a district court judge, and a defendant in district court. It is not simply a judgment of conviction. It is the record of conviction as a whole that can be looked at in a modified categorical analysis. And how much do we have in this record? In this record, we have an attached information to a guilty plea agreement and a judgment of conviction. We don't have any of the stuff in between, do we? No, Your Honor, we do not. Let me ask you about Davey that Mr. Bluss brought up. I'm quoting, It would defeat the purpose of the exception, the personal use exception, as encompassing an offense that is inherently more serious than simple possession such as dot, dot, dot, transporting, dot, dot, dot. How do you answer that? Your Honor, the footnote does state that it would defeat the purpose for inherently more serious crimes. However, this is not an inherently more serious crime. I mean, they're giving us an example of a more serious crime, namely transporting. That's correct, Your Honor. And the Board of Immigration Appeals in this case stated that when they made their holding, that based on the modified categorical analysis, that this was a conviction from marijuana. And they're correct. And if they – if the record of conviction stopped there, then this would be an easy case to decide. But it doesn't. It goes forward to say 30 grams or less of marijuana for personal use, which falls squarely within the exception to the portability. So the Board of Immigration Appeals in doing their analysis did look at the record of conviction. However, they stopped their analysis before finishing the entire process. Thank you. Thank you. The case is signed. You will stand submitted.
judges: KOZINSKI, SILVERMAN, CLIFTON